TERESA C. CHOW (SBN 237694)
tchow@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

*Attorneys for Defendant*
SILVER CINEMAS ACQUISITION CO.
d/b/a LANDMARK THEATERS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OSHESKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SILVER CINEMAS ACQUISITION CO., d/b/a LANDMARK THEATERS,<br><br>Defendant. | Case No.: 2:22-cv-09463<br><br>[Los Angeles Superior Court Case No. 22STCV37156]<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>Action Removed: 12/30/2022<br>Action Filed: 11/23/2022 |

Pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, and 1146 Defendant Silver Cinemas Acquisition Co., d/b/a/ Landmark Theaters ("Landmark"), by and through its undersigned counsel, hereby provides notice of removal of the action from the Superior Court of California, County of Los Angeles, to the United States District for the Central District of California, Western Division. In support of this Notice of Removal, Landmark states as follows:

**I.    Plaintiff's Complaint**

1.     On November 23, 2022 Plaintiff Paul Osheske ("Plaintiff") filed a putative class action complaint against Landmark in the Superior Court of California, County of Los Angeles, Unlimited Civil, captioned *Paul Osheske v. Silver Cinemas*

*Acquisition Co., d/b/a Landmark Theaters*, Case No. 22STCV37156 (the "State Court Action").

2. On November 30, 2022, Landmark was served with a copy of the Complaint and Summons in the State Court Action.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date Landmark was served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1.**

5. Plaintiff alleges that Landmark violated the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq*. ("VPPA") through Landmark's alleged sharing of consumers' personally identifiable information ("PII") and video watch information with third party, Facebook, without Plaintiff's informed written consent. (Ex. 1, ("Compl.") ¶¶ 6, 50.)

6. Plaintiff seeks to represent a Class defined as "all Facebook users in the United States who purchased movie tickets on the Landmark Website where, within the statute of limitations, Landmark disclosed to Facebook the name of the movie the user purchased tickets for (the "Class")." (Compl. ¶ 54.)

7. Plaintiff seeks declaratory and injunctive relief, actual, punitive, and statutory damages, reasonable attorneys' fees, costs, and expenses, and other and further relief, in law or equity, as this Court may deem appropriate and just. (Compl. p. 13-14, Prayer for Relief.)

## II. Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331

8. This Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331.

9. A district court has federal question jurisdiction over a claim, and removal is therefore proper, when the claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).

10. Plaintiff brings one claim against Landmark for alleged violations of the federal VPPA.

11. Therefore, there is federal question jurisdiction over Plaintiff's claim because it arises under federal law.

### III. Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

12. Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interests and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[1] Here, all three conditions are satisfied.

13. Plaintiff alleges that "there are thousands of Class members." (Compl. ¶ 55.)

14. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

15. According to the allegations in the Complaint, Plaintiff is a resident of Massachusetts. (Compl. ¶ 8.)

16. Landmark is a Delaware corporation with its principal place of business in California.

17. Because Plaintiff is a citizen of Massachusetts and Landmark is a citizen of Delaware and California, at least one member of the class of Plaintiff's is a citizen of a different state than Landmark, as required by 28 U.S.C. § 1332(d)(2)(A).

---

[1] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Landmark does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

18. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim.")

19. The VPPA provides for statutory damages of up to $2,500 for each violation. 18 U.S.C. § 2710(c).

20. Plaintiff alleges that Landmark committed one violation of the VPPA with respect to Plaintiff and each member of the putative class. Plaintiff further requests statutory damages of $2,500 for each violation of the VPPA, plus punitive damages. (Compl. ¶ 70.)

21. Multiplying $2,500 by "thousands of Class members" plus punitive damages, per violation, greatly exceeds the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2).

22. This matter, therefore, satisfies all requirements of 28 U.S.C. § 1332(d) and is removable under the Class Action Fairness Act of 2005.

## IV.    Venue

23. Venue is proper in the Central District of California, Western Division because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

24. Landmark will provide written notice of this Notice of Removal to Plaintiff and the Superior Court of California, Los Angeles County.

## V.    Reservation of Rights and Defenses

25. Landmark hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Landmark's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged

appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail, and the judgment will be zero) does not prevent removal.")

WHEREFORE, Landmark hereby removes this civil action to this Court on the bases identified above.

Respectfully submitted,

DATED: December 30, 2022   **BAKER & HOSTETLER LLP**

By:  */s/ Teresa C. Chow*
     TERESA C. CHOW

*Attorneys for Defendant*
SILVER CINEMAS ACQUISITION CO.
d/b/a LANDMARK THEATERS

# PROOF OF SERVICE

I, Nancy L. Brazil, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On December 30, 2022, I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF REMOVAL**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☑ by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date and the transmission was reported as complete and without error.

| | |
|---|---|
| Sophia Rios<br>**BERGER MONTAGUE PC**<br>401 B. Street, Suite 2000<br>San Diego, CA 92101<br>Telephone: 619-489-0300<br>Email: srios@bm.net | Attorneys for Plaintiff<br>PAUL OSHESKE |

Sherrie Savett (*pro hac vice* forthcoming)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215-875-3000
Email: ssavett@bm.net

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 30, 2022, at Los Angeles, California.

_____
Nancy L. Brazil